Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave,
7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHN EMANUELE,                                    Case No.: 17-cv-6015

                         Plaintiff,     **ECF CASE**

               v.                    **COMPLAINT AND JURY DEMAND**
                                                 **FOR DAMAGES FOR COPYRIGHT**
NEW HOPE COMMUNITY CHURCH,     **INFRINGEMENT**

                         Defendant.
-----------------------------------------------------------------x

      Plaintiff JOHN EMANUELE, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant NEW HOPE COMMUNITY CHURCH for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act"). Plaintiff alleges below, upon personal knowledge as to himself, and upon information and belief as to other matters so indicated.

### JURISDICTION AND VENUE

      1.    This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

      2.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This Court has *in personam* jurisdiction over the defendant because the defendant has established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction, by publishing infringing audiovisual work on the Internet so it can be used or viewed within this Judicial District in the ordinary course of trade. Upon information and belief, NHC solicits money through its YouTube page, which can also be used and viewed within this Judicial District in the ordinary course of trade.

**This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)**

4. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

5. Defendant NHC synchronized, reproduced, and distributed the Subject Advertisements through websites like YouTube. This is a tort (copyright infringement) committed without the state.

6. The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District.

7. Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

**Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).**

8. YouTube placed plaintiff's name on each of the Subject Advertisement, and NHC expected or should have reasonably expected its acts to have consequences in New York State.

9. Defendant was expressly told there was no license for any use in September 2016. Defendant ignored the notice and continued to synchronize and distribute plaintiff's Copyrighted Composition without a license. Clearly, defendant knew its acts would have consequences in this Judicial District.

10. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (ii).

## PARTIES

11. Plaintiff JOHN EMANUELE is an individual residing in Flushing, New York. EMANUELE creates and licenses music through a solo project called Zero Bedroom Apartment.

12. Upon information and belief, defendant NEW HOPE COMMUNITY CHURCH ("NHC") is an unincorporated church with its principal place of business located at 637 N. Market Street Loudonville, OH 44842.

## FACTS

13. Plaintiff is the sole beneficial owner of an original musical work titled *Epic Loop*, which is identified in Copyright Registration No. SR 677-965 attached as **Exhibit A** (the "Copyrighted Composition").

14. EMANUELE is the sole beneficial owner of all rights in the Copyrighted Composition.

15. Upon information and belief, NHC produced a promotional advertisement, synchronizing plaintiff's Copyrighted Composition without a synchronization, sound recording, or publishing license (the "Subject Advertisement"). NHC then caused the work to be

transmitted to the public for performance on its YouTube page found at <https://www.youtube.com/watch?v=O3-m8b65oio> where any visitor to the website could view the promotional advertisement without restriction.

16. On or about September 24, 2017, EMANUELE discovered the aforementioned NHC infringement.

17. On September 24, 2017, EMANUELE reached out to NHC by email, informing defendant that there was no license for NHC's use of the Copyrighted Composition.

18. Defendant NHC responded on September 25, 2017 stating that it was unaware it needed a license.

19. NHC took no action, and elected to continue to infringe plaintiff's rights to the Copyrighted Composition.

20. A second cease and desist was sent from counsel for plaintiff on October 13, 2017.

21. Defendant responded that it did not need a license, and its use was a fair use under Section 107 of the Act.

22. Defendant's use was not for criticism, comment, news reporting, teaching, scholarship, and research.

23. Defendant's use was not transformative.

24. Defendant elected to synchronize the Copyrighted Composition, using the entire song, without a license.

25. Defendant released the Subject Advertisement as an advertisement for defendant on the web.

26. Defendant failed to include any attribution. Defendant failed to include information which identified the Copyrighted Composition, the author of the Copyrighted Composition, the owner of any right in the Copyrighted Composition, or information about the terms and conditions of use of the Copyrighted Composition.

27. Defendant was given numerous opportunities to resolve this matter pre-litigation, but rejected them all.

28. This falls squarely under the reckless disregard or intentional standard for enhanced damages under Section 504(c) of the Act.

## CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

29. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

30. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Composition.

31. Defendant without authority from plaintiff, reproduced, synchronized, publicly displayed, and/or publicly distributed a video embodying plaintiff's Copyrighted Composition.

32. Defendant admitted to copying, synchronizing, and distributing the Copyrighted Composition without a license for any use.

33. Defendant admitted it could not produce a license.

34. Defendant admitted that despite its full knowledge of its licensing duties, it did not take the Subject Advertisement down for over six weeks.

35. As a direct and proximate result of defendant's infringement, plaintiff has incurred damages, and requests an award of defendant's profits, and plaintiff's loss, plus costs,

interest, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. § 1201, et seq.

36. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

37. Section 1202 of the DMCA provides, in part: (a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title. 17 U.S.C. § 1202(a)-(b).

38. Copyright management information is defined as "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988), note

39. Defendant failed to include information which identified the Copyrighted Composition, the author of the Copyrighted Composition, the owner of any right in the Copyrighted Composition, or information about the terms and conditions of use of the Copyrighted Composition.

40. The defendant violated the DMCA each time he wrongfully distributed the Copyrighted Composition.

41. Defendant also violated section 1202 by, upon information and belief, abstracting the Copyrighted Composition, removing and/or altering the anti-circumvention software.

42. Defendant did the forgoing with the intent to conceal the infringement.

43. Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500, or more than $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

5. an award of statutory damages for each violation by defendants of the DMCA, 17 U.S.C. § 1202;

6. pre- and post-judgment interest to the extent allowable;

7. such other and further relief that the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 15, 2017  **GARBARINI FITZGERALD P.C.**
New York, New York

By: *Richard M. Garbarini*
Richard M. Garbarini (RG 5496)